UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ELIAZIN OCAMPO NOLASCO,<br><br>Petitioner,<br><br>v.<br><br>BRISON SWEARINGEN Sheriff, Clay County Jail, *et al.*,<br><br>Respondents. | ) | No. 2:26-cv-00506-MPB-MJD |

**ORDER GRANTING IN PART PETITION FOR A WRIT OF HABEAS CORPUS**

Eliazin Ocampo Nolasco is a lawful permanent resident (LPR) of the United States. He has been detained at the direction of U.S. immigration authorities since May 2026, when the government initiated a removal proceeding against him. An immigration judge dismissed that case in July, but the government appealed that decision to the Board of Immigration Appeals (BIA), and Mr. Ocampo Nolasco remains in detention.

In a previous order, the Court found that the Immigration and Nationality Act (INA) subjects Mr. Ocampo Nolasco to mandatory detention through the conclusion of his removal proceeding, including the BIA appeal. Dkt. 20 at 6 (applying 8 U.S.C. § 1225(b)(2)(A)). However, the Court also found that applying the INA to permit indefinite detention without even a bond hearing would conflict with the Fifth Amendment's due process clause, at least on the unusual facts of this case, given Mr. Ocampo Nolasco's LPR status, the immigration judge's dismissal of the removal case, and the fact that he remains detained only because the government has appealed that determination. *Id.* at 7–13.

The Court therefore found that Mr. Ocampo Nolasco is entitled to challenge his continued detention and ordered the parties to expand the record and supplement their briefs to address two questions. First, is Mr. Ocampo Nolasco entitled to a bond hearing under the standard articulated in *Rodriguez v. Ortega*, 180 F.4th 702, 727–28 (5th Cir. 2026): that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." And, second, is Mr. Ocampo Nolasco entitled to further process—namely, a bond hearing—under the six-factor test articulated in *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853, 858–59 (D. Minn. 2019), and applied in this District in *Leonteva v. Noem*, No. 4:26-cv-00043-SEB-KMB, dkt. 10 (S.D. Ind. Mar. 13, 2026).

The parties have filed their supplements. For the following reasons, the Court grants Mr. Ocampo Nolasco's petition to the extent it directs Respondents to afford him a bond hearing or release him from custody.

## I. *Rodriguez*

In *Rodriguez*, a Fifth Circuit panel held that "the Government may detain aliens under Section 1225(b)(2)(A) for ninety days but no longer without a bond hearing." 180 F.4th at 727–28. In its previous order, the Court noted that the Fifth Circuit vacated *Rodriguez*'s opinion after granting rehearing *en banc* but nevertheless found *Rodriguez*'s analysis persuasive. Dkt. 20 at 10.

Under *Rodriguez*, Mr. Ocampo Nolasco is inarguably entitled to a bond hearing. He has been detained since May 6—roughly 140 days ago. In fact, he has been detained for roughly 70 days since the immigration judge dismissed his removal case on July 15. Under *Rodriguez*, the government may continue to detain Mr. Ocampo Nolasco, but the Fifth Amendment requires that it first convene a hearing to determine whether his detention is necessary due to a flight risk or to protect the community from harm.

Respondents argue instead that the Court should not apply *Rodriguez*. Dkt. 22 at 1–5. Essentially, they ask the Court to reconsider its previous finding that the Fifth Amendment gives Mr. Ocampo Nolasco a right to challenge his continued detention. Motions to reconsider an interlocutory order are appropriate only for newly discovered evidence or manifest error—a "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). Respondents identify none of the above. The Court acknowledged in its previous order that *Rodriguez* is not binding on this Court. Respondents cite multiple Supreme Court precedents in their supplement that arguably conflict with *Rodriguez*, but the Court addressed those decisions in its previous order, and Respondents do not directly confront any aspect of the Court's reasoning.

Therefore, the Court continues to find that *Rodriguez* is persuasive precedent and now finds that Mr. Ocampo Nolasco is entitled to a bond hearing under its standard because he has been detained for longer than 90 days.

## II. *Leonteva* and *Jamal A.*

The Court next considers whether Mr. Ocampo Nolasco can be lawfully detained without additional process—namely, a bond hearing—by weighing the following six factors:

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.

*Jamal A.*, 358 F. Supp. 3d at 858–59.

### A. Total Length of Detention

Respondents correctly note that the length of Mr. Ocampo Nolasco's detention—four months and counting—is considerably shorter than the lengths at issue in *Leonteva* (two years) and *Jamal A.* (19 months). Dkt. 22 at 5–6. While that distinction favors Respondents, the Court

also finds that the length of Mr. Ocampo Nolasco's detention is significant in view of his circumstances. Mr. Ocampo Nolasco is not a new arrival in an active removal proceeding. He is a lawful permanent resident. When the government initiated a removal proceeding against him, an immigration judge dismissed the case. In this context, four months of detention is significant. Accordingly, the Court does not weigh this factor in either side's favor.

**B. Likely Duration of Future Detention**

The likely duration of future detention weighs in Mr. Ocampo Nolasco's favor. When Respondents filed their supplement nearly a month ago, they reported only that "it is difficult to tell how long an appeal may take to be adjudicated." Dkt. 22 at 6. The BIA had not yet set a briefing schedule. *Id.* The government offered that, as of November 2025, "there were about 200,000 cases pending before the BIA," and the average time for adjudication for detained noncitizens was 52 days. *Id.* In the month since Respondents filed their supplement, Respondents have not filed any additional information regarding a schedule for Mr. Ocampo Nolasco's case specifically or updated data for BIA appeals generally.

In other words, Mr. Ocampo Nolasco's detention is indefinite. He will be detained at least "until his case is adjudicated by the" BIA, *id.*, but the Court has no information about when the case is likely to be adjudicated, or even if a schedule is in place. The purpose of the due process inquiry in this case is to protect against indefinite detention, and that is the nature of the detention Mr. Ocampo Nolasco faces. This factor weighs strongly in Mr. Ocampo Nolasco's favor.

**C. Conditions of Detention**

"'The more that the conditions under which the alien is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing.'" *Jamal A.*, 358 F. Supp. 3d at 860 (quoting *Muse v. Sessions*, 409 F. Supp. 3d 707, 717 (D. Minn. 2018)).

Respondents do not rebut Mr. Ocampo Nolasco's assertion that he is held in a county jail designed for criminal detention under conditions resembling penal confinement. *See* dkt. 21 at 6. Respondents instead ask the Court to weigh this factor neutrally because the Clay County Jail "is well known to the Court and is a contracted facility that is contractually obliged through the United States Marshals Service to provide housing to individuals awaiting a hearing on their immigration status in a manner that is consistent with federal law and to provide medical, dental, and mental health care." *Id.* at 6.

Respondents' statement illustrates why this factor weighs in Mr. Ocampo Nolasco's favor. Respondents state that Mr. Ocampo Nolasco's custodians must meet federal standards for penal confinement. Mr. Ocampo Nolasco is not charged with a crime and is not serving a criminal sentence. He is a civil detainee confined in a county jail alongside prisoners and criminal defendants. This factor weighs in favor of additional process.

**D. Responsibility for Delay**

The Court does not attribute any delay to either party. Mr. Ocampo Nolasco has done nothing to extend his detention except assert his rights to defend against his removal, and the government has done nothing to prolong that process except assert its right to appeal the immigration judge's decision.

**E. Likelihood of Removal**

This factor weighs slightly in Mr. Ocampo Nolasco's favor. Whether Mr. Ocampo Nolasco may be lawfully removed from the United States is not and never has been a question properly before this Court, and the Court has no insight into the strength or weakness of the government's position on appeal. However, an immigration judge dismissed the government's removal case. And, addressing this factor in their supplement, Respondents offer no reason why the BIA should

be expected to reach a different outcome. Dkt. 22 at 7. There simply is no reason for the Court to determine that the immigration proceeding is likely to result in an order of removal.

### F. Overall Assessment

Taken together, the six factors weigh in favor of affording Mr. Ocampo Nolasco additional process to challenge his detention. No factor weighs in Respondents' favor. Two factors weigh strongly in Mr. Ocampo Nolasco's favor: he is presently subject to indefinite detention in a setting resembling penal confinement.

## III. Remedy

Under the standards set forth in both *Rodriguez* and *Jamal A.*, the due process clause entitles Mr. Ocampo Nolasco to an opportunity to challenge his continued detention. As the Court determined in its previous order, dkt. 20 at 14, this means he is entitled to a bond hearing rather than immediate release.

The Court emphasizes that this order does not preclude the government from continuing to detain Mr. Ocampo Nolasco, perhaps for the duration of his removal proceeding. The government may demonstrate to an immigration judge that Mr. Ocampo Nolasco's detention is legally necessary due to a flight risk or to protect the community. And, of course, the government may simply adjudicate the appeal and eliminate the need for further detention. The government may not, however, detain Mr. Ocampo Nolasco on an open-ended timeline in a county jail without giving him an opportunity to demonstrate that detention is not necessary.

## IV. Conclusion

The Court grants the petition to the extent that **no later than ten days from the date of this order**,[1] Respondents must either: (1) provide Mr. Ocampo Nolasco with an individualized

[1] The parties may extend this deadline by agreement without the need for action by the Court.

bond hearing before an immigration judge consistent with the requirements of 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Ocampo Nolasco from custody, under reasonable conditions of supervision. Respondents must file documentation certifying that they have either provided Mr. Ocampo Nolasco with a bond hearing or released him from detention **within two days** after the hearing or his release, whichever is applicable.

If Federal Respondents hold a bond hearing, the Attorney General is **ordered** to provide notice of the bond hearing to Mr. Ocampo Nolasco's counsel upon the scheduling of the hearing.

The petition is **denied** to the extent it seeks immediate release. Mr. Ocampo Nolasco's motion for a ruling, dkt. [25], is **granted** to the extent consistent with this order.

The **clerk is directed** to enter final judgment.

**IT IS SO ORDERED.**

Dated: September 24, 2026

Matthew P. Brookman, Judge
United States District Court
Southern District of Indiana

Distribution:

Michael Ibrahim
Ibrahim Law Office, LLC
michael@ibralaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Paul Umbaugh, IV
DOJ-USAO
paul.umbaugh@usdoj.gov